IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH BOBBITT, )
)
        Plaintiff, )
)
vs. ) CIVIL NO. 10-806-GPM
)
DIRECTOR RANDELL, *et al.*, )
)
        Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff filed this action while he was an inmate in the Stateville Correctional Center (Stateville), claiming deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; Plaintiff's claims are subject to summary dismissal.

### FACTS ALLEGED IN COMPLAINT

On June 1, 2009, Plaintiff was "violate'ed" by "the parole board," which caused him to serve his sentence at Stateville until August 27, 2009. He claims that he was incarcerated past his "out date" until he pleaded guilty to an apparent pending charge and was transferred back to his "parent facility," Lawrence Correctional Center (Lawrence), in October 2009. While back at Lawrence, Plaintiff received his "parole paper" in the mail showing that he was "violate'ed." Plaintiff informed the record office that he had received this paper.

### DISCUSSION

Plaintiff appears to be claiming that he stayed too long in Stateville, which is "one of the [worst] place[s]." He also claims that he was not able to "bond out" – apparently on the charge to

which he pleaded guilty. Plaintiff sues M. Randell as the Director of the Illinois Department of Corrections "because he oversee[s] everything and ... his signature is on everything." He sues Lee Ryker as the Warden at Lawrence "because it's his facility and run by him[;] everyone goes threw [sic] him." He sues Ms. Jockish as the "head of records" at Lawrence because "she is responsible this, this is her job title to make sure the right papers get move along correctly instead she allow me to do over the maxi[m]um time I was sup[p]ose to do."

The Court surmises the gist of Plaintiff's complaint as this: had Defendants forwarded his parole paperwork to Stateville, he would have been released from Stateville before pleading guilty to the subsequent charge. This claim misses a step: it does not appear that Plaintiff was charged *after* he was supposed to have been released. Rather, it appears that his parole was revoked and he was charged with a separate offense, to which he pleaded guilty in October 2009. At some point, he was transferred back to Stateville, which was where Plaintiff was incarcerated when he filed this action in September 2010 (or so he lists on the complaint). He since has been released from the Department of Corrections. There simply is nothing to suggest that Plaintiff's incarceration at Stateville between August 2009 and October 2009 was unrelated to the parole violation and/or the then-pending charge. Plaintiff does not contend that he should have been transferred to a county facility for pretrial detention on the pending charge; he claims that he should have been released. Defendants' failure to accommodate this request does not rise to the level of a constitutional violation under these facts. Finally, whatever sentence Plaintiff received on his guilty plea that resulted in his transfer back to Lawrence would have accounted for the time he spent in pretrial custody. Plaintiff cannot show a constitutional violation; accordingly, this action must be dismissed.

**DISPOSITION**

For the foregoing reasons, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 06/16/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge